**ENTERGY SERVICES, INC., Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**Exxon Mobil Corporation, et al., Intervenors.**

**Nos. 05–1238, 05–1293, 05–1437.**

United States Court of Appeals, District of Columbia Circuit.

March 20, 2007.

Gregory W. Camet, Washington, DC, for Petitioner.

Robert Harris Solomon, John Stewart Moot, Samuel Soopper, Attorney, Lona T. Perry, Attorney, Dennis Lane, Stinson Morrison Hecker, LLP, Washington, DC, for Federal Energy Regulatory Commission.

Marc C. Johnson, Exxon Corporation, Houston, TX, Stephen L. Teichler, Duane Morris LLP, Washington, DC, for Intervenors.

Before: GINSBURG, Chief Judge, and GARLAND and BROWN, Circuit Judges.

### JUDGMENT

These petitions for review from orders of the Federal Energy Regulatory Commission were presented to the court, and were briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the petitions for review be denied.

Nevada Power Company, Entergy Services, Inc., and Southern Company Services, Inc., all of which are public utilities providing electric transmission services, petition for review of several orders of the Federal Energy Regulatory Commission (FERC) issued in response to proposed Interconnection Agreements between the petitioners and various generators of electricity. *See Nevada Power Co.*, 111 F.E.R.C. ¶ 61,161, *order on reh'g*, 113 F.E.R.C. ¶ 61,007 (2005); *Southern Co. Servs., Inc.*, 105 F.E.R.C. ¶ 61,221 (2003), *order on reh'g*, 108 F.E.R.C. ¶ 61,229 (2004), *reh'g denied*, 111 F.E.R.C. ¶ 61,423 (2005); *Entergy Servs., Inc.*, 104 F.E.R.C. ¶ 61,084 (2003), *reh'g denied*, 111 F.E.R.C. ¶ 61,181 (2005). In particular, the petitioners claim that the Commission's application of its "At or Beyond" rule—which dictates that transmission providers should bear the costs of network upgrades for any facilities at or beyond the point of interconnection between the generation facility and the transmission grid—was improper for a number of reasons.

After these petitions were filed, but before oral argument, this court decided *National Association of Regulatory Utility Commissioners (NARUC) v. FERC*, 475 F.3d 1277 (D.C. Cir.2007). *NARUC* was a challenge to FERC's Order No. 2003 and three successive rehearing orders, in which FERC codified its "At or Beyond" policy in a rulemaking. *See Standardization of Generator Interconnection Agreements and Procedures*, Order No. 2003, 104 F.E.R.C. ¶ 61,103, *order on reh'g*, Order No. 2003–A, 106 F.E.R.C. ¶ 61,220 (2004), *order on reh'g*, Order No. 2003–B, 109 F.E.R.C. ¶ 61,287 (2004), *order on reh'g*, Order No. 2003–C, 111 F.E.R.C. ¶ 61,401 (2005). The *NARUC* petitioners pressed the same arguments against the Commission's "At or Beyond" rule as the petitioners do here, *see* Brief for Utility Petitioners at 17–26, *NARUC*, No. 04–1148, and this court upheld the rule despite those

challenges, *see NARUC,* 475 F.3d at 1284–86.

At oral argument in this case, the petitioners conceded that *NARUC* disposed of all but one of the issues they raise in their petitions here: whether the "At or Beyond" rule is an unexplained, and therefore arbitrary, departure from the Commission's precedents. Petitioners are correct that *NARUC* decided the issues they now concede, *see id.* at 1285–86, but it also disposed of the single issue that they contend remains open. *NARUC* held in no uncertain terms that the "At or Beyond" rule could not "be considered an unexplained departure from FERC precedent." *Id.* at 1285. To be sure, *NARUC* was decided in the context of a challenge to a prospective rulemaking, while the petitioners here challenge various individual adjudications. But *NARUC* rejected the same arguments that the petitioners press in this case. *Compare* Brief for Petitioners at 21–45 *with* Brief for Utility Petitioners at 17–18, *NARUC,* No. 04–1148. Indeed, *NARUC* upheld FERC's explanation of the "At or Beyond" rule by citing to and quoting from the explanation given in the same order that petitioners challenge in this case. *See NARUC,* 475 F.3d at 1284–85 (quoting *Nevada Power Co.,* 113 F.E.R.C. ¶ 61,007 (2005)). In short, because *NARUC* definitively rejected *all* of the challenges that the petitioners press here, we deny the petitions for review.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).